UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Raymond Davis, | Case No.: 2:20-cv-01672-APG-VCF |
| Plaintiff | **Order** |
| v. | |
| Sheriff Joe Lombardo, et al., | |
| Defendants | |

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former inmate. On June 28, 2021, the magistrate judge issued an order denying the application to proceed *in forma pauperis* for prisoners as moot because Davis was no longer incarcerated. ECF No. 4. The magistrate judge ordered Davis to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 by July 26, 2021. *Id.* The deadline has now expired, and Davis has not filed an application to proceed *in forma pauperis* for non-prisoners, paid the full filing fee, or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order

requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, I must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, I find that the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The magistrate judge's order requiring Davis to file an application to proceed

*in forma pauperis* for non-prisoners or pay the full filing fee by July 26, 2021, expressly stated: "It is further ordered that, if [Davis] fails to timely comply with this order, this case will be subject to dismissal without prejudice." ECF No. 4. Thus, Davis had adequate warning that dismissal would result from his noncompliance with the court's order to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee by July 26, 2021.

I order that this action is dismissed without prejudice based on Davis's failure to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee in compliance with this court's June 28, 2021, order. If Davis wishes to pursue any of his claims, he must file a complaint in a <u>new</u> action with the required fee or application to proceed *in forma pauperis* for non-prisoners.

I order that the Clerk of Court will close the case and enter judgment accordingly.

Dated: August 3, 2021

_____
U.S. District Judge